FILED
CLERK, U.S. DISTRICT COURT
MAR 13 2019
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILTON MINCY, PLAINTIFF(S) (AND THOSE SIMILARLY SITUATED) -VS- LOS ANGELES COUNTY SHERIFF; LOS ANGELES COUNTY SHERIFF DEPT.; LOS ANGELES COUNTY SHERIFF'S DEPT. MENS CENTRAL JAIL; MENS CENTRAL JAIL PPO OFFICE; LOS ANGELES COUNTY DEPUTY SHERIFF'S "JOHN DOE" and "JANE DOE" A-Z; MENS CENTRAL JAIL OFFICERS "JOHN DOE" and "JANE DOE" A-Z; LOS ANGELES COUNTY DEPUTY SHERIFF RODRIGUEZ (PPO OFFICE); LOS ANGELES COUNTY DEPUTY SHERIFF HILLS (PPO OFFICE); LOS ANGELES COUNTY DEPUTY SHERIFF ULLOA; LOS ANGELES COUNTY DEPUTY SHERIFF LAU; POPULATION MANAGEMENT OFFICER DAVID A. PALMA; MENS CENTRAL JAIL OFFICER NAKAZAWA, DEFENDANTS (IN THEIR INDIVIDUAL AND, OR OFFICIAL CAPACITY) | 42 U.S.C. Sec. 1983-CIVIL CASE NO. # CV 19-1319- AB(SK) JURY DEMAND |

CIVIL COMPLAINT

I. Preliminary Statement

This is a civil suit being filed by the Plaintiff-Hilton Mincy (and those similarly situated-class) against the

above Defendants and, or their agents in their individual and, or official capacity, alleging violations of the First (1st), Eighth (8th) and Fourteenth (14th) Amendments of the United States Constitution, corresponding Articles under the California Constitution, California Tort Claims Act; Violations of applicable California Statutes (penal code Sections and Titles), and Breach of Contractual Agreement, as a class of persons (those sentenced to do State prison time in the Los Angeles County Jail, i.e. Mens Central Jail, pursuant to California Assembly Bill 109 (2011) ) or as a plaintiff class of one.

Additionally, Plaintiff(s) challenge the constitutionality of California Assembly Bill 109 (2011) (hereinafter "C.A. A.B. 109 (2011)") in that it is either illegal pursuant to the Constitutions, or is the proximate cause of the violations committed by the Defendants and, or their agents, as it does not provide meaningful, adequate, nor effective oversight and assurance compliance by the CDC, Secretary of the CDC and the State of California over countys, specifically Los Angeles County, who enter into agreement(s) pursuant to C.A. A.B. 109 (2011) to house ("wherehouse") inmates/State inmates in the Los Angeles County Jail.

And, Plaintiff(s) aver (allege) that the County of Los Angeles, Los Angeles County Sheriff, Los Angeles County Sheriff's

Dept. purposely entered into agreement (with deceptive intent) with the CDC ("California Dept. of Corrections"), Secretary of the CDC and State of California to house Plaintiff(s) inmates sentenced to do State prison time, for financial benefit knowing that they could not adequately provide those Plaintiff(s) inmates that were to be sentenced to do State prison time in the Los Angeles County Jail, with the essential rights and privileges that they were entitled to pursuant to the United States Constitution, California Constitution and California Statutes (Ca. Penal Code Sec. and Titles).

Plaintiff(s) California Tort Claims Act claims and Breach of contract claims are stated under this Court's Supplemental jurisdiction.

II. Statement of Facts (Paragraphs 1-40)

1. Plaintiff(s) avers that Defendants and, or their agents have an established policy, practice or custom of awarding pre-sentence credit;

2. Plaintiff(s) aver that the Defendants and, or their agents have an established policy, practice or custom of racially segregated housing and unequal job opportunities;

3. Plaintiff avers that the Defendants and, or their agents policy, practice or custom of racially segregated housing

and unequal job opportunities is/was the proximate cause of him being denied presentence credit, in violation of the United States Constitution, California Constitution, California Tort Claims Act and applicable California Statutes, as well as in breach of contractual agreement;

4. Plaintiff(s) avers that the Defendants and/or their agents have an established policy, practice or custom of intentional miscalculation of work credits (Cal. Penal Code Sections 4019.1 and 4019.2) in order to falsely imprison Plaintiff(s) sentenced pursuant to C.A.A.B. 109 (2011) beyond their actual credits accumulated for release, in violation of the United States Constitution, California Constitution, California Tort Claims Act, Cal. Penal Code Sections 4019.1 and 4019.2, and in breach of the "Good Faith Covenant" of the contractual agreement with inmate(s) Plaintiff(s);

5. Plaintiff(s) avers that the Defendants and/or their agents policy, practice or custom of intentional miscalculation is the proximate cause of the violations/harm suffered;

6. Plaintiff(s) aver that Defendants and/or their agents policy, practice or custom of miscalculation of accumulated credits is intentional and in furtherance of their goal of benefitting financially from Plaintiff(s)/state prison inmates being incarcerated in the Los Angeles County Jail longer;

7. Plaintiff(s) aver that the Defendants and/or their agents have an established policy, practice or custom of regularly forced overtime without awarding credit in violation of the United States Constitution, California Constitution, California Tort Claims Act, California Penal Code Sections 4019.1 and 4019.2, and in breach of the "Good Faith Covenant" of the agreement with inmate(s)/Plaintiff(s);

8. Plaintiff(s) aver that the Defendants and/or their agents have an established policy, practice or custom of forcing inmate(s)/Plaintiff(s) to work 7-days a week, on call 24-hours a day, no days off, without pay rate and under life threatening conditions (cleaning up bodily waste of persons that could potentially be HIV, AIDS, Hepatitis positive) (going into hostile blocks/modules where certain inmates are known to throw bodily waste at officers and inmates) (without any training as how to cleanup bodily waste/fluids, nor protective (adequate) wear) under threat of being fired and losing credits. Only earning the same monthly credits as those inmates that work 4, 5, 6 days a week. In violation of the United States Constitution, California Constitution, California Tort Claims Act, California Penal Code Sections 4019.1 and 4019.2 and applicable California Statutes; and in breach of the "Good Faith Covenant" of the agreement with inmate(s)/Plaintiff(s);

9. Plaintiff(s) aver that the Defendants and, or their agents policy, practice or custom is(are) the proximate cause of the violations/harm suffered;

10. Plaintiff(s) aver that Defendants and, or their agents regularly and consistently act willfully and wantonly with disregard to the "Good Faith Covenant" of the agreement for work credit with inmate(s)/Plaintiff(s)., and openly abdicate their sworn oath and dutys to faithfully uphold the laws of the United States and, or the State of California;

12. Plaintiff avers that he was sentenced (and ordered; twice) by the California Superior Court - County of Los Angeles to participate and complete a dual diagnosis rehabilitative program in the custody of the Los Angeles County Sheriff's Dept, and that Defendants and, or their agents through their established policy, practice or custom of impeding inmate(s)/Plaintiff(s) from earning additional credit for attending school and, or rehabilitative programs while working as "Trusty"/workers, prevented Plaintiff from earning additional credit, in violation of the United States Constitution, California Constitution, California Tort Claims Act, applicable California Statutes and, or in breach of the "Good Faith Covenant" of the agreement with inmate(s)/Plaintiff(s);

13. Plaintiff(s) aver that Defendants and/or their agents established policy, practice or custom of impeding inmate(s)/Plaintiff(s) from earning additional educational or rehabilitative Milestone Credits/or Credits is intentional and serves the goal of keeping those sentenced pursuant to C.A. A.B. 109 (2011) incarcerated longer in order to benefit financially from the local county, State and Federal government;

14. Plaintiff(s) also aver that he (they) rarely receive 1 hot meal a day; no daily indoor nor outdoor recreation/exercise, nor access to weekly Islamic prayer service, and has had his right to fast during Ramadahn impeded; in violation of the United States Constitution, California Constitution, California Tort Claims Act and applicable California statutes;

15. Plaintiff(s) further aver that his (their) right(s) to meaningful and adequate grievance process is impeded (intentionally), and that Defendants and, or their agents have an established policy, practice or custom of either ignoring grievances; trying to dupe inmate(s)/Plaintiff(s) into not appealing grievances by falsely stating that they need to sign the grievance acknowledging that they received the grievance response, not pointing out the small print on the form that indicates by signing form you are giving up right to appeal; or impeding the appeal process/exhaustion process by

not responding to appeals or providing copy of those responses so that inmate(s)/Plaintiff(s) can appeal. In violation of the United States Constitution, California Constitution, Prison Litigation Reform Act, California Tort Claims Act and applicable California Statutes;

16. Plaintiff(s) aver that he (they) is (are) entitled to the same <u>essential rights and privileges</u> afforded to those other prisoners sentenced to do State prison time in the State of California;

17. Plaintiff(s) aver that he (they) is (are) entitled to the same essential rights and privileges afforded to those similarly situated under C.A. A.B. 109 (2011);

18. Plaintiff(s) aver that he (they) is (are) entitled to the same rights and privileges afforded to those similarly situated under Article 1, Section 32 of the California Constitution (Proposition 57);

19. Plaintiff(s) aver that he (they) is (are) entitled to the same rights and privileges stated under applicable California Penal Code Sections and California Title(s);

20. Plaintiff(s) avers that the described herein actions of the Defendants and/or their agents are in violation of both C.A. A.B. 109 (2011) and Article 1, Section 32 of the California Constitution;

21. Plaintiff(s) aver that the described herein actions of the

Defendants and, or their agents are in violation of the First, Eighth and Fourteenth Amendment rights to the United States Constitution and corresponding Articles under the California Constitution;

22. Plaintiff(s) avers that the described herein actions of the Defendants and, or their agents are in violation of the California Tort Claims Act and agreement with Plaintiff(s) for work credit;

23. Plaintiff(s) avers that for purposes of this civil complaint "essential rights and privileges" shall constitute to mean those basic rights and privileges recognized by the United States Constitution and California Constitution as announced in U.S. Supreme Court decisions, Ninth Circuit decisions (that are not inconsistent with U.S. Supreme Court) and California Supreme Court decisions (not inconsistent with U.S. Supreme Court); and those rights and privileges recognized under federal and state statutes (and Title 15 CCR);

24. Plaintiff(s) avers that the described herein actions of the Defendants and or their agents were not related to any legitimate pendogical interest and, or were not tailored enough to achieve such goals;

25. Plaintiff(s) incorporates declarations, complaints and grievances herein;

26. Plaintiff(s) avers that Los Angeles County is a "County" within the territory of the State of California;

27. Plaintiff(s) aver that the Los Angeles County Sheriff's Dept. is an "agency" "law enforcement agency" within the County of Los Angeles, California;

28. Plaintiff(s) aver that the Mens Central Jail is an "agency" "holding facility" for Inmates within the Los Angeles County Sheriff's Dept.;

29. Plaintiff(s) aver that the Los Angeles County Sheriff is a duly elected official by the residents/voters of the County of Los Angeles, California; and is responsible, for purposes of this civil suit, for implementing the policys, practices and, or customs of the Los Angeles County Sheriff's Dept., and ensuring that those policys, practices and, or customs are carried out in compliance by his "employees", "staff", "deputy sheriffs", "County authority officers" and "agents" under his agency/departmental jurisdiction;

III. Request for Reliefs

30. Plaintiff(s) demands Injunctive Relief requiring a momentorium of the State of California's Contract/agreement with Los Angeles County and the Los Angeles County Sheriff's Dept to house

state prisoners pursuant to C.A. A.B. 109 (2011), until full compliance is proven to be met;

31. Plaintiff(s) demands Injunctive Relief barring the policys, practices, customs and violations complained of herein;

32. Plaintiff(s) demands Injunctive Relief requiring the CDC and State of California to take immediate meaningful, adequate and effective oversight and immediate compliance by the Los Angeles County Sheriff's Dept. and Los Angeles County;

33. Plaintiff(s) demands Injunctive Relief requiring Defendants and their agents to be in compliance with the essential rights and privileges mandated by the United States Constitution, California Constitution, C.A. A.B. 109 (2011), California Penal Code and Title 15 CCR;

34. Plaintiff demands Injunctive Relief requiring Los Angeles County and the Los Angeles County Sheriff's Dept. to pay for (immediately) an assessment to be conducted by Recovery Network Services for placement in a dual diagnosis program in the Hollywood area (Plaintiff's home region) and to immediately release Plaintiff to that program to finish out the remainder of his prison term;

35. Plaintiff(s) demands General Damages of Cost of this Suit;

36. Plaintiff(s) demands Declaratory Judgements Separately;

37. Plaintiff(s) demands Nominal Damages of $1.00 Separately;

38. Plaintiff(s) demands $100.00 a day in Punitive Damages for each Violation complained of, Separately; starting from the dates of the grievances filed to / through the final determination of this Suit;

39. Plaintiff(s) reserves the rights to amend or Supplement this civil complaint with claims and partys as needed;

40. Plaintiff(s) make the herein statements, attached Declarations, attached complaints and attached grievances to the best of his knowledge and recollection and pursuant to the laws of unsworn falsification or perjury in accordance 28 U.S.C. 1746

Respectfully,

Hilton Mincy

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Hilton Mincy

## DEFENDANTS
Los Angeles County Sheriff (Sheriff) ET AL;

**(b)** County of Residence of First Listed Plaintiff: Los Angeles
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Los Angeles
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Hilton Mincy, Pro se #5235339
441 Bauchet Street
Los Angeles, CA 90012

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☒ 550 Civil Rights | | | |
| | | ☒ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*

Brief description of cause:
Equal protection

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE: March 9, 2019
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

